UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 07-11721 |
| | : | CHAPTER 13 |
| DALE G. MCDONALD AND AMY | : | |
| MARIE MCDONALD, DEBTORS | : | |
| | : | |
|    DALE G. MCDONALD AND AMY | : | ADVERSARY NO. 08-1028 |
|    MARIE MCDONALD, Movants | : | DOCUMENT NO. 1 |
|           vs. | : | |
|    WELLS FARGO FINANCIAL and | : | |
|    RONDA J. WINNECOUR, ESQ., | : | |
|    TRUSTEE, Respondents | : | |

## **MEMORANDUM**

Debtor asserts that the third mortgage on Debtors' residence, held by Wells Fargo Financing ("Wells Fargo"), is modifiable under 11 U.S.C. § 1322(b)(2)[1] as Wells Fargo has a security interest in "other than a security interest in real property" owned by the Debtors. The mortgage document provides Wells Fargo with a security interest in the Debtors' residence "together with all the improvements now or hereafter created on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property." Debtors posit that the security interest in "fixtures now or hereafter a part of the property" removes the mortgage from the anti-modification protection of § 1322(b)(2).

BAPCPA[2] added a definition of "Debtor's principal residence" to include "incidental property." § 101(13A). "Incidental property" is also defined. § 101(27B). Incidental property includes "all easements, rights, appurtenances, <u>fixtures</u>, rents,

---

[1] All references to Code Sections are to Title 11 of the United States Code.
[2] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Publ. No. 109-8, 119 Stat. 23 (2005).

royalties, mineral rights, oil and gas rights, or profits, water rights, escrow funds or insurance proceeds . . ." § 101(27B) (emphasis added).

> [W]hile property interests are normally defined by state law (Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)), to the extent that state laws actually conflict with the bankruptcy law, state laws may be suspended. Butner, at 918 n. 9.  Thus, since Congress chose to define all "incidental property" as included in the "debtor's personal residence" and all residences as being included in the term "real property," Congress has effectively broadened the definition of real property for the purposes of implementing § 1322(b)(2).

In re Lunger, 370 B.R. 649, 651 (Bankr. M.D. PA., 2007).

We must conclude that under the Bankruptcy Code, "fixtures" are "incidental property" that are a part of and included with the "debtor's principal residence."  Wells Fargo has "secured an interest in real property that is the debtor's principal residence" and therefore, is protected by the anti-modification provisions of § 1322(b)(2).  Debtors' Complaint must be dismissed.  An appropriate Order will be entered.

Dated: May 30, 2008

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 07-11721 |
| | : | CHAPTER 13 |
| DALE G. MCDONALD AND AMY MARIE MCDONALD, DEBTORS | : : | |
| | : | |
| DALE G. MCDONALD AND AMY MARIE MCDONALD, Movants | : : | ADVERSARY NO. 08-1028 DOCUMENT NO. 1 |
| vs. | : | |
| WELLS FARGO FINANCIAL and RONDA J. WINNECOUR, ESQ., TRUSTEE, Respondents | : : : | |

## **ORDER**

This 30th day of May, 2008, in accordance with the accompanying Memorandum, it shall be and hereby is ORDERED that the COMPLAINT TO DETERMINE THE VALUE OF SECURITY AND ALLOWED SECURED CLAIM OF WELLS FARGO FINANCIAL PURSUANT TO 11 U.S.C. §506(a) AND BANKRUPTCY RULE 3012 filed by the Debtors is DISMISSED.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge